UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BERNADETTE NEAL,                              :

                Plaintiff,        :        ECF

     -against-                                   :        CV 10-1157 (JFB) (ETB)

JPMORGAN CHASE BANK,                         :        **ANSWER**

                Defendant.       :
------------------------------------------------------------X

       Defendant JPMorgan Chase Bank, N.A. (the "Bank"), incorrectly named as JPMorgan Chase Bank, by its attorneys, the JPMorgan Chase Legal and Compliance Department, Frederic L. Lieberman, Assistant General Counsel, respectfully submits its Answer to Plaintiff's Complaint (the "Complaint") and states as follows:

       1.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except avers that the Bank's records indicate that Plaintiff's last known address provided to the Bank is located in Hollis, New York.

       2.      Denies the truth of the allegations set forth in Paragraph 2 of the Complaint, except avers that the Bank is a national banking association, has its main office at 1111 Polaris Parkway, Columbus, Ohio 43240, and, through its subsidiary, Chase Auto Finance Corp. ("CAF"), had and has a place of business located at 900 Stewart Avenue, Garden City, New York 11530.

       3.      Denies the truth of the allegations set forth in Paragraph 3 of the Complaint, except admits that the Bank, together with other entities owned by its parent, JPMorgan Chase & Co., has offices and lines of business at various locations around the world, that CAF currently has Call Centers located in Arlington, Texas, and Manila, Philippines, CAF formerly had a Call

Center located at 900 Stewart Avenue, Garden City, New York 11530, and CAF moved its Call Center function from Garden City to Manila during 2008.

4. Denies the truth of the allegations set forth in Paragraph 4 of the Complaint, except admits that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, No. 520-2008-01051, as well as an amended charge, and that Plaintiff's charges were not resolved at the EEOC.

5. Admits that the truth of the allegations set forth in Paragraph 5 of the Complaint, except avers that Plaintiff was not employed by CAF at any time prior to November 2006.

6. Admits the truth of the allegations set forth in Paragraph 6 of the Complaint, except avers that Plaintiff's job title was Customer Service Representative.

7. Denies the truth of the allegations set forth in Paragraph 7 of the Complaint, and avers that, although Ms Neal's immediate supervisor was not regularly scheduled to work after 5:00 p.m., other CAF Call Center supervisors were present and available during Plaintiff's entire work shift, and Plaintiff was provided training and coaching.

8. Denies the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that Plaintiff was placed on a Written Warning in November 2007, based on her time and attendance and job performance during the previous twelve months.

9. Denies the truth of the allegations set forth in Paragraph 9 of the Complaint, and avers that Plaintiff complained about her Written Warning, that she pointed out some errors in the Warning, which Defendant corrected, and that those corrections did not warrant retraction of the Warning.

10. Denies the truth of the allegations set forth in Paragraph 10 of the Complaint, except admits, upon information and belief, that in or about January 2008, Plaintiff filed a charge

of discrimination with the EEOC, to which Defendant responded in February 2008, and that Plaintiff filed an amended charge of discrimination with the EEOC in June 2008, to which Defendant responded in December 2008, and avers that Plaintiff's supervisors were transferred to different assignments.

11. Denies the truth of the allegations set forth in Paragraph 11 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding Plaintiff's alleging finding through discovery.

12. Denies the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Denies the truth of the allegations set forth in Paragraph 13 of the Complaint.

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant asserts that it bears the burden of proof only on those matters set forth herein that constitute affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). Defendant asserts the following defenses and affirmative defenses which bar Plaintiff's claims in their entirety.

### AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### AS AND FOR A SECOND DEFENSE

To the extent that Plaintiff's Complaint purports to assert any claims pursuant to the New York City Human Rights Law, such claims are barred by her failure to serve a copy of the Complaint herein on the New York City Commission on Human Rights.

### AS AND FOR A THIRD DEFENSE

Plaintiff's race discrimination claim and retaliation claim are barred, in whole or in part, by the fact that any and all actions taken by Defendant with respect to Plaintiff were based upon

legitimate, non-discriminatory business reasons totally unrelated to Plaintiff's race, or to any protected activity in which she may have engaged, and were without any discriminatory or retaliatory animus or in violation of any rights under any anti-discrimination or anti-retaliation law.

### AS AND FOR A FOURTH DEFENSE

Each and every action taken by Defendant was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

### AS AND FOR A FIFTH DEFENSE

If any damage or loss was sustained by Plaintiff, this damage or loss was caused or contributed to by Plaintiff's own actions, fault or lack of due diligence.

### AS AND FOR A SIXTH DEFENSE

Upon information and belief, Plaintiff's claims for damages are barred and/or limited in that she has failed to make a reasonable and diligent effort to mitigate her damages by seeking and obtaining comparable employment elsewhere.

### AS AND FOR AN SEVENTH DEFENSE

Any claim by Plaintiff for punitive damages is barred in that Defendant did not act maliciously or with reckless indifference toward Plaintiff.

### AS AND FOR AN EIGHTH DEFENSE

Any allegations in the Complaint not otherwise responded to herein are denied.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, either in whole or in part, by the Release Agreement that she entered into in favor of Defendant.

**WHEREFORE**, Defendant respectfully requests that the Complaint and action be dismissed together with such other and further relief as this Court deems just and proper.

4

Dated: March 29, 2010

                                    JPMORGAN CHASE LEGAL AND
                                    COMPLIANCE DEPARTMENT

                                    By: _____
                                         Frederic L. Lieberman, Esq.
                                    Attorneys for Defendant JPMorgan
                                          Chase Bank, N.A.
                                    One Chase Manhattan Plaza, 26th Floor
                                    New York, New York 10081
                                    (212) 552-1815
                                    frederic.l.lieberman@jpmchase.com

To:    Bernadette Neal
        99-15 196th Street
        Hollis, NY 11423
        (718) 776-4249

        Plaintiff Pro Se

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

BERNADETTE NEAL,                              :

                    Plaintiff,     :     ECF

     -against-                                :     CV 10-1157 (JFB) (ETB)

JPMORGAN CHASE BANK,                  :     **CERTIFICATE OF SERVICE**

                    Defendant.    :

-----------------------------------------------------------------X

      I hereby certify that on March 29, 2010 I caused a copy of the following document:

**ANSWER**

to be served by first class mail directed to the Plaintiff Pro Se at the following address:

                    Bernadette Neal
                  99-15 196th Street
                  Hollis, NY 11423

Dated: March 29, 2010

                                              _____
                                              Frederic L. Lieberman, Esq.